UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| SERGE PETER MARINKOVIC, MD | CIVIL ACTION |
| VERSUS | NO: 12-6 |
| SOUTH LOUISIANA MEDICAL ASSOCIATES, ET AL. | SECTION: R |

**ORDER AND REASONS**

Before the Court is a motion to dismiss brought by defendant the State of Louisiana through the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College through Louisiana State University Health Sciences Center, LSU Medical Center d/b/a the Leonard J. Chabert Medical Center (hereafter, "the Board"). For the following reasons, the Court DENIES defendant's motion because it finds that plaintiff provided sufficient notice of his claims to satisfy La. R.S. § 23:303(C).

I.   BACKGROUND

Plaintiff Dr. Serge Marinkovic brings this suit under the Americans With Disabilities Act ("ADA"), the Louisiana Employment Discrimination Law ("LEDL"), and Louisiana defamation law. In his original complaint,[1] filed January 3, 2012, plaintiff named South

---

[1]   R. Doc. 1.

Louisiana Medical Associates ("SLMA"), Dr. Michael Garcia, and LSU Medical Center d/b/a Leonard J. Chabert Medical Center as defendants. The complaint alleges that Dr. Marinkovic was terminated from his employment as a urologist because of his diabetic disability and that defendants defamed him to a potential employer after his termination. On March 30, 2012, plaintiff amended his complaint[2] to rename the LSU defendant by its proper name: The State of Louisiana through the Board of Supervisors of the Louisiana State University and Agricultural and Mechanical College through Louisiana State University Health Sciences Center, LSU Medical Center d/b/a the Leonard J. Chabert Medical Center.

The Board now moves the Court to dismiss plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6).[3] Its arguments are threefold: (1) plaintiff's claim under Title I of the ADA is barred by the 11th Amendment; (2) plaintiff's defamation claim alleges a defamation by defendant Dr. Garcia, but *not* by the Board; and (3) plaintiff's LEDL claim fails because plaintiff did not provide adequate written notice to the Board, as required by La. R.S. § 23:303(C). In his opposition to defendant's motion, plaintiff explicitly waives his Title I and defamation claims

---

[2] R. Doc. 16.

[3] R. Doc. 27.

against the Board.[4] Accordingly, those claims are ordered dismissed. Furthermore, the Court converted defendant's motion to dismiss to a motion for summary judgment on August 24, 2012, after providing the notice required by Federal Rule of Civil Procedure 56.[5] *See Benchmark Elecs. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003) ("It is well-settled that a district court may grant summary judgment *sua sponte*, so long as the losing party has ten days notice to come forward with all of its evidence in opposition to summary judgment.").

Thus, what remains is defendant's challenge to plaintiff's LEDL claim. Defendant contends that because plaintiff alleges that he was an employee of the Board and was wrongfully terminated from that employment, he must give *the Board* notice of his allegations of discrimination under La. R.S. § 23:303(C) to allow for pre-litigation reconciliation. Instead, defendant alleges, plaintiff provided notice to two *employees* of the Board: Rhonda Green (CEO of Leonard J. Chabert Medical Center) and Dr. Roxanne Townsend (Interim CEO of LSU Health Care Services Division). Defendant argues that because the Chairman of the Board was the appropriate agent for service of process under La. R.S. § 13:5107, plaintiff's provision of notice to Green and Townsend did not satisfy the LEDL's notice requirement.

---

[4]    R. Doc. 30 at 2-3.

[5]    R. Doc. 39.

## II. STANDARD

### A. Summary Judgment Standard

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting Wright & Miller, *Fed. Prac. and Proc. Civ.* 2d § 2738 (1983)).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991). The nonmoving party can then defeat the motion by

either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for trial. *Id.* at 325; *see also Little*, 37 F.3d at 1075 ("Rule 56 '*mandates* the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'") (quoting *Celotex*, 477 U.S. at 332).

## III. DISCUSSION

Louisiana law provides a civil remedy for employment discrimination in La. R.S. § 23:303(A), which states, in relevant part:

> A plaintiff who has a cause of action against an employer, employment agency, or labor organization for a violation of this Chapter may file a civil suit in a district court seeking compensatory damages, back pay, benefits, reinstatement, or if appropriate, front pay, reasonable attorney fees, and court costs.

Subsection (C) contains the notice requirement upon which defendant relies:

> A plaintiff who believes he or she has been discriminated against, and who intends to pursue court action shall give the person who has allegedly discriminated written notice of this fact at least thirty days before initiating court action, shall detail the alleged discrimination, and both parties shall make a good faith effort to resolve the dispute prior to initiating court action.

La. R.S. § 23:303(C). The statute does not state the penalty for non-compliance with the notice provision, but courts interpret the provision to require dismissal when a plaintiff has failed to provide the statutory notice. *See Trahan v. Lowe's, Inc.*, 2002 U.S. Dist. LEXIS 13432, at *18-20 (E.D. La. 2002) (collecting cases).

At issue here is *to whom* a party must provide notice to satisfy the statutory requirement. The Board assumes that the statute requires the plaintiff to provide notice to the potential defendant's agent for service of process. The Court finds no case law directly on point, and the statute provides little guidance

6

beyond indicating that the party to be noticed is "the person who has allegedly discriminated." La. R.S. § 23:303(C). Nevertheless, it is well accepted that the statutory purpose of the notice requirement is to allow the parties an opportunity for good faith negotiation before filing suit. *See, e.g., Johnson v. Hosp. Corp. of Am.*, 767 F. Supp. 2d 678, 704 (W.D. La. 2011). Here, the Board argues that plaintiff failed to satisfy the dictates of La. R.S. § 23:303(C), but it has not argued that it did not, in fact, receive notice of plaintiff's intention to sue or that it was otherwise denied an opportunity for pre-litigation negotiation. Thus, the record does not support the conclusion that plaintiff defeated the statutory purpose of the notice provision by giving notice to the Board's high-level employees. *See* discussion *infra* p. 8.

Further, the Court notes that both state and federal courts have found the notice requirement satisfied by means other than notice delivered to a designated agent for service of process. For example, timely processing of an EEOC charge may provide a defendant with sufficient notice of state law discrimination claims if the EEOC charge effectively accomplishes the same goals as the statutory notice under state law.[6] *See id.;*

---

[6] Plaintiff in this case filed an EEOC charge, but because the charge did not properly list the Board as the discriminating employer, defendant contends that it was ineffective to provide the required notice.

*Simpson-Williams v. Andignac*, 902 So. 2d 385, 387-388 (La. App. 4th Cir. 2005); *Legania v. E. Jefferson Gen. Hosp. Dist. No. 2*, 2003 U.S. Dist. LEXIS 9221, at *7, 11-15 (E.D. La. 2003) (although plaintiff's EEOC charge was also sufficient to satisfy La. R.S. § 23:303(C) and trigger notice of parallel state law claims, because a dismissal without prejudice would "cause unneeded delay and not serve the ends of judicial economy"). Further evidence of a practical, rather than rigid, application of the notice requirement is provided by *Madden v. J P Morgan Chase & Co.*, 2010 U.S. Dist. LEXIS 38452 (W.D. La. 2010). There, plaintiff's allegations that she filed an internal complaint with Human Resources describing the discrimination that she experienced was sufficient to survive a Rule 12(b)(6) dismissal. *Id.*, at *4-5. In so ruling, The *Madden* Court did not inquire whether the HR Department would have been an effective agent for service of process; surely it would not have been.

In this case, plaintiff made a good faith effort to provide notice to the appropriate parties, even if he missed his mark because of an error in determining the appropriate parties to be sued. He outlined, in great detail, the alleged discrimination and his intention to sue absent an amicable settlement. There can be no ambiguity about whom plaintiff was attempting to sue, given the allegations in his complaint and the relationship between the defendants and plaintiff's employment. Finally, the parties who

8

actually received notice were high-level employees of the Board, parties sophisticated enough to alert their employer of plaintiff's intention to file suit.

Absent a directive from the Louisiana Legislature or the Louisiana Supreme Court, or even precedents from lower state and federal courts in Louisiana, the Court will not presume that La. R.S. § 23:303(C) requires that notice be given to an employer's agent for service of process. Plaintiff's good faith effort to provide notice to the appropriate parties, and defendant's lack of evidence of an absence of *actual* notice and any prejudice therefrom, make summary judgment unwarranted.

## IV.   CONCLUSION

For the foregoing reasons, defendant's motion is DENIED.

New Orleans, Louisiana, this 21st day of September, 2012.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE